Lópéz, Plaintiff and Appellee, v. Heirs of Ferrer et al., Defendants and Appellants.

Appeal from the District Court of Mayagüez in an Action for Nullity of Record and Declaration of Title.

No. 1620.—Decided May 25, 1917.

Heirs—Execution of Deed—Recordable Title—Record in Common—Segregation of Property—Private Document.—A property being recorded in the registry of property in common in the names of certain heirs, all of these must join in a conveyance to a purchaser of a segregated part of the property which was allotted to some of the heirs who are the vendors, which

sale could not be recorded by virtue of the conveyance in a private document of a recordable title, according to article 20 of the Mortgage Law. The purchaser can compel the vendor heirs and all the other heirs to execute a deed of sale to the part segregated, according to sections 1246 and 1247 of the Civil Code, in the same manner that the vendor heirs could have compelled the other coheirs to execute in their favor a deed to the property allotted to them in satisfaction of their inheritance.

ID.—ID.—ADVERSE INTERESTS—NECESSARY PARTIES—MISJOINDER OF PARTIES.— The facts alleged in the complaint in this case determine the right of the plaintiff to obtain a recordable title to the parcel of land lawfully acquired by him; and as that parcel forms part of a larger property which is recorded as common property in the names of all the defendants, all of these have interests adverse to the interest of the plaintiff and are necessary parties to the action, there being, therefore, no misjoinder of parties defendant.

CLERICAL ERROR—FRIVOLOUS DEMURRER—AMBIGUITY.—When the complaint contains a clerical error in regard to the date on which the defendants were declared the sole and universal heirs of the predecessor in interest and this error could not affect the result of the trial, a demurrer on the ground of ambiguity and uncertainty is frivolous, especially where, as in this case, such error is removed by another allegation of the same complaint and the defendants can rectify it because it refers to a fact of which they are better informed than the plaintiff.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellants.

*Messrs. Benet & Souffront* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On February 15, 1916, Pedro López Carlo filed a complaint in the District Court of Mayagüez against the heirs of the spouses José María Ferrer Pagán and María de los Angeles Pabón e Irizarry praying the said court to order its marshal to execute, in the name and at the expense of the defendants, a deed of conveyance to the plaintiff of a parcel of 3.23 *cuerdas* of land situated in the ward of Llanos of the municipal district of Cabo Rojo, so that the same might be recorded in the registry of property, and that the costs, disbursements and attorney fees be imposed upon the defendants.

According to an order of the District Court of Mayagüez of March 24, 1911, the heirs of the spouses José María Ferrer y Pagán and María de los Angeles Pabón e Irizarry were

declared to be their seven children, José Ubaldino, José María, José Antonio, Fernando del Carmen, Rosa María, Luis and María de los Angeles Ferrer y Pabón; their four grandchildren Indalecio, Julio Benjamín, Arsenio and Lisandro Carlo y Ferrer, and also Ramón María and Amparo Rivera y Ferrer, whose relationship to the said spouses is not stated in the complaint.

The defendants Luis, Fernando and José María Ferrer y Pabón demurred to the complaint on the ground of misjoinder of parties defendant and, together with Antonio Ferrer y Pabón, demurred on the further ground that the complaint was ambiguous and uncertain, which demurrers the court overruled on April 18, 1916, after a hearing, allowing the defendants ten days within which to file their answer.

The four defendants mentioned answered denying the allegations of the complaint, and after trial the court rendered judgment on January 22, 1917, sustaining the complaint in its entirety and ordering the marshal to execute, in the names of the defendants and by virtue of the judgment, a deed of conveyance to plaintiff Pedro López Carlo of the property of 3.23 *cuerdas* described in the said judgment, the same to be segregated from the property of 13 *cuerdas* known as El Barro, also described in the said judgment, so that the said property of 3.23 *cuerdas* may be recorded in the registry of property in the name of the plaintiff Pedro López Carlo, with costs, disbursements and attorney fees against the opposing defendants.

From that judgment the opposing defendants, Luis, Fernando, José María and José Antonio Ferrer y Pabón, appealed to this court, alleging as grounds therefor that the court erred in overruling the demurrers on the ground of misjoinder of parties defendant and that the complaint was ambiguous and uncertain, alleging also that said complaint does not state facts sufficient to constitute a cause of action.

We will examine these grounds in the light of the allegations of the complaint, considering the first and third together inasmuch as they are closely related to each other.

The complaint shows that upon the death of María de los Ángeles Pabón and José María Ferrer a rural property known as El Barro and containing 13 *cuerdas* of land belonging to the conjugal partnership composed of the said spouses was recorded in the registry of property in the names of the defendants as owners in common and *pro indiviso* after they had been adjudged the heirs of said spouses by an order of the court of March 24, 1911; that the said record of ownership in common and *pro indiviso* was made in the names of all the heirs notwithstanding the fact that a partition of the estate of the deceased spouses had already been made extrajudicially, allotting to the heirs José Ántonio, José Ubaldino and José María Ferrer a rural property containing 3.23 *cuerdas* segregated from the property of 13 *cuerdas,* of which the said heirs took possession with the unanimous and express consent of all the interested parties; that by private instruments of transfer, which have not been recorded in the registry, the plaintiff became the owner of the said parcel of 3.23 *cuerdas* of land, acquiring 1.40 *cuerdas* from José Antonio Ferrer y Pabón and 1.83 *cuerdas* from Angel Méndez, who had purchased it from the brothers José Ubaldino and José María Ferrer; that the defendants have been willing to execute a deed conveying the ownership of the property of 3.23 *cuerdas* to the plaintiff.

Since the ownership in common and *pro indiviso* of the property of 13 *cuerdas* is recorded in the registry in the names of all of the defendants, all and not merely the heirs José Antonio, José Ubaldino and José María Ferrer must join in order to give the plaintiff a recordable title of ownership of the 3.23 *cuerdas* which, as a result of a partition of the estate of José María Ferrer and María de los Angeles Pabón, were segregated from the property of 13 *cuerdas* and

allotted to the three heirs mentioned. As the matter now stands the plaintiff, by contracts of purchase and sale, has acquired the same rights which the brothers José Ubaldino and José María Ferrer y Pabón acquired to the three *cuerdas* allotted to them, and if they could compel the other coheirs to execute to them a deed of conveyance to the 3.23 *cuerdas* as their share of the inheritance, the plaintiff, in whom the rights of the three heirs mentioned are now vested, can compel these and all the other coheirs to execute a deed of sale to the land in question of which he is now the lawful owner.

There is no doubt that according to section 1247 of the Civil Code the transfer of property belonging to the spouses María de los Angeles Pabón and José María Ferrer, as well as the sales made by José Antonio Ferrer to plaintiff Pedro López Carlo and by José Ubaldino and José María Ferrer to Angel Méndez and by him to the plaintiff, should have been witnessed by public instruments and that as this was not done, section 1246 of the same code is applicable. That section prescribes that should the law require the execution of an instrument or other special formality in order to make the obligations of a contract binding, the contracting parties may compel each other to comply with said formalities from the moment in which consent and the other requirements necessary for their validity have taken place; but in a case like the present, where the plaintiff is the grantee of the rights of the brothers José Antonio, José Ubaldino and José María Ferrer in the property of 3.23 *cuerdas* which they acquired by the partition, it does not prevent the bringing of an action against them and the other heirs in whose names the property of 13 *cuerdas*, from which the said parcel was segregated, is recorded in order to obtain from all of them a deed recordable in the registry of property, which deed the said three heirs cannot execute alone but which must be executed by all so as to be recordable in the registry of property, pursuant to the provisions of article 20 of the Mortgage Law.

This does not work any hardship upon the defendants as, according to the complaint, they have been willing to execute such a deed and there is nothing before us to show the contrary, for we are ignorant of the result of the evidence examined at the trial because it does not appear in the transcript of the record or statement of the case. Every presumption regarding the result of the evidence must be in favor of the judgment.

Therefore, we are of the opinion that the facts stated in the complaint determine the right of the plaintiff to secure a title admissible to record in the registry of property to the parcel of 3.23 *cuerdas* of land which he has lawfully acquired; and as the said parcel forms part of a property of 13 *cuerdas,* the common and *pro indiviso* ownership of which is recorded in the names of all the defendants, it is obvious that all of them have an interest in the complaint adverse to that of the plaintiff and are necessary parties to the action, for which reason there was no misjoinder of parties defendant.

The ground of demurrer that the complaint is ambiguous and uncertain is based on the fact that the plaintiff states in the fifth allegation thereof that in the early part of the year 1912 the defendants caused themselves to be adjudged the sole and universal heirs of José María Ferrer y Pagán and María de los Angeles Pabón e Irizarry by an order of the District Court of Mayagüez of March 24, 1911. We do not hesitate to term this a frivolous ground, for it refers to a clerical error which has no bearing upon the result of the trial and is rectified by the statement of the plaintiff in the third allegation of the complaint itself that the designation of heirs was made by an order of March 24, 1911. Besides, the defendants themselves could have rectified the said error, inasmuch as it refers to a fact of which they should have been better informed than the plaintiff.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred